The next case call is 121453, Beeple v. Hardman, Agenda No. 7. Counsel, are you ready? You may proceed. Good morning, Your Honors, and may it please the Court, enjoy. Excuse me, enjoy. Did you state your name? If you did, I didn't hear it. I didn't. I'm Joy Reedy, Assistant Appellate Defender, and I represent Antwon Hardman. Excuse me. Take your time. We're a friendly group, don't we? There are two issues in this case, and I'd like to address them both, starting with the school issue. Usually, possession with intent to deliver a controlled substance is a Class I offense, but if it happens within 1,000 feet of a school, it becomes a Class X felony. The issue before this Court is what evidence is required to prove that a building is a school for the purposes of the statute to get the enhanced Class X conviction. We would ask this Court to find that the State must present particularized evidence of the operation of the building at the time of the offense. This Court's decision in Beeple v. Young, and also Beeple v. Goldstein, which it cites favorably, makes it clear that it's the operation of the building that determines whether a building is a school for the purposes of the statute. So, for example, a preschool is not a school for the purposes of the statute. A truck driver's school is not a school for the purposes of the statute. A park or college is not a school for the purposes of the statute. So, because the term school in the statute excludes certain things we might otherwise consider to be schools, there must be actual evidence of what happens in the building, not just a witness's conclusion that a building is a school. So, in each case, the State would have to call, like, the superintendent or the principal? That would certainly be an easy way to prove that. But an officer could also testify that they observed elementary school-age children entering the building on weekdays. They saw, you know, buses that regularly drove up and dropped off children, and so on. So, it could be an officer, but it wouldn't have to be, and certainly a superintendent or someone would be a good witness. How do you define operational? So, there needs to be evidence of what's happening in the building. So, subsection C of the statute does indicate that the time of day, the time of year, and whether classes were in session are not relevant. But if a school is a school for the purposes of the statute, that subsection indicates that a school that is a school for the purposes of the statute continues to be operating on weekends, continues to be operating as a school on weekends, continues to be operating as a school over a regular summer break. So, operation, being operational, part of what it means is it hasn't been closed. For example, if the school board decides to close the school and the teachers are not under contract in the fall, then that is not operating as a school. You make some argument with respect to the name change of the school. What relevance is that? So, even if the name had not changed, we would still be making this argument because the state did not present testimony about what was happening in this building. The fact that the name changed is a fact peculiar to our case that, in fact, I believe helps our case because it breaks some of the normal inferences that a school continues to be the same school and continues to operate. So, the short answer is it breaks some of the inferences, but we would make this claim even. Didn't the officers in this case indicate that 646 North Lawndale was Ryerson Elementary School at the time of the offense? That was their testimony. Isn't that sufficient to find that the building was a school for purposes of 407? No. There needs to be evidence of the operation of the building. The name is not sufficient. Was a school isn't enough? I'm sorry? The fact that they said it was a school is not enough to constitute testimony that it was a school? Yes. The mere fact that they pointed to the building and named it is not enough. And so I would point to cases like People v. Kadena where the Evangelical Covenant Church, the officers testified to the existence of this Evangelical Covenant Church, but the court found that there wasn't enough evidence that the name, that the building was actually operating as the name implied. So the name is not enough to show that the building is operating. There was a little more, though, right? In Boykin, for example, the state didn't present any evidence that the officers had personal knowledge of the operation of the building. In this case, wasn't their testimony that they were familiar with the area, they did have personal knowledge of the operation of the building, and that it was a school? Am I wrong on that, that they testified as to the operation of the building? They did not testify to the operation of the building. One officer was specifically asked whether there were parents dropping kids off at the building, and the answer was it's an active neighborhood. So when given a direct opportunity to give evidence or testimony about the operation of the building, that evidence was not given. Ms. Reedy, on the case that you cited regarding the church, doesn't the statute require the specificity of the operation for the church, but there is no specificity in this particular statute about the operation of the building? So how can you read into that, that it's required by the testimony? Yes, so you're right that regarding the churches, there is the specific requirement specifically in the statute. For schools, again, one place that I'm getting that is from what follows from people versus young, that there are certain things that we might consider to be schools that in fact don't count as schools under the statute. And then also cases like people versus Boykin that require that specifically for schools. For policy reasons, one reason that this issue matters is that schools do close, and by close I mean like the school board can decide to shutter a school. But if a school closes but the building continues to be considered a school for the purposes of the statute, then we get implausible results such as that Navy Pier would still count as a school for purposes of the statute, and that old school buildings that are converted into condo buildings also continue to be schools for the purposes of the statute, which is an implausible result. Is there evidence in the record that this school, this building at the time was closed, was shuttered? There is not evidence in the record. No, that evidence was not in the record. But you're suggesting there has to be affirmative evidence that it's operational? Yes, yes, there has to be. It wasn't on the state to do something more than just have the officer say, I'm familiar with the neighborhood and this is a school. Yes. If there are no other questions on this issue, I will turn to issue two. So, turning to the reimbursement issue. The trial court ordered Mr. Hardman to pay $500 to reimburse the county for the use of the public defender. The parties agree that the trial court erred by imposing this fee without conducting a hearing on his ability to pay, as required by both due process and the statute. The issue before this court is just the remedy for this error. The proper remedy is simply to vacate the fee, not to remand the case for a hearing. First, the trial court did not conduct even the minimal hearing that would justify a remand. Second, the reimbursement is entirely discretionary. It was not a mandatory fee. And third, the record shows that Mr. Hardman, in fact, had no foreseeable ability to pay this fee. So, remanding the case for a hearing would simply waste resources. According to the decision made by this court in People v. Summers, the remedy for this error is determined by what happened initially at the trial court. In Summers, this court remanded the case for a proper hearing only because there was some sort of a hearing at the trial court. If there had been no hearing, there would have been no remand. In our case, there was no hearing, so there should be no remand. The whole proceeding on this matter was the trial court asked the defense attorney how many times she appeared. She said she appeared eight times. And the trial court imposed the $500 fee. This was not a hearing because, first, a hearing under the statute must be about the defendant's ability to pay. Is it not also about the amount that should be reimbursed, what amount the cost might be involved? And that was a question that the trial judge asked. Yes, that is a portion of what has to be covered in this hearing. However, the legislative intent for this statute was specifically because the prior statute had been found unconstitutional by charging this fee without a hearing on the defendant's ability to pay. So one of the purposes of the statute was to correct that by having a hearing on the defendant's ability to pay. So what happened was not a hearing, first, because under the statute, the hearing is defined by being on the ability to pay. And also under Summers, Summers gives us an example of what counts as some sort of a hearing that would justify a remand. And the example that we have from Summers is some sort of a hearing about the defendant's ability to pay. So the Summers court asked whether the defendant had any physical issues that would keep him from working, whether he thought he could get a job when he was released, and whether he would plan to use his wages to pay his fines and fees. Isn't it that you're asking us to say that the language we talk about, they have to have some sort of a hearing, that this wasn't some sort of a hearing? Right, that's right. Yes. And why is that? Because it wasn't on his ability to pay. It was just about how many times defense counsel appeared, but there were no questions to the defendant about anything, about his physical abilities, whether he thought he could get a job, whether he would use his wages. Ms. Weedy, doesn't the statute say that the court shall consider the affidavit prepared by the defendant? Was that part of the hearing? It should have been part of the hearing. Or was it? Does the statute require the trial court to do that? Yes, the statute requires that. In Mr. Hudman's case, no, all of it was part of the hearing, the hearing was just how many times did you appear, eight times. Summer says if the hearing's deficient, that they had one, that it goes back, right, for the right hearing. Yes, but we have an example in Summers of a deficient hearing that could go back. My question is, there was a hearing as to appropriate fees, but not as to ability to pay. That's what you're saying. So if they did have a hearing that included both of those things, appropriate fees and ability to pay, it wouldn't be deficient. I mean, there's an acknowledgment here that it's deficient, and you're saying, well, the deficiency was they didn't address the defendant's ability to pay. Well, that's right, that's why it's deficient. Yes, but I want to say that the deficiency here is that it doesn't even qualify as a hearing under the statute because the hearing under the statute is defined by being on the defendant's ability to pay. And that's both by the legislative history of the statute itself and by the example that we have in Summers of what was insufficient but sufficient enough for a remand. In addition, in this case, the case should not be remanded as a matter of public policy and judicial economy. The fee in this case was completely discretionary. If the trial court wanted to impose the fee, it needed to follow the proper procedures. This court has repeatedly admonished trial courts to give defendants the proper procedure. In addition, the legislative intent for the statute was to reduce the cost to the taxpayers, but remanding cases for a second chance to conduct the proper hearing where the defendants are presumed indigent, to begin with, would defeat the purpose to collect enough money to return to the taxpayers to cover the cost of the remand. And this is especially true in our case when the evidence already on the record showed that Mr. Hardman had no foreseeable ability to pay. So for those reasons, we ask this court to vacate the fee and not remand the case. If there are no other questions. Mr. Fisher again. You getting tired, Mr. Fisher? Almost there. I'll also begin with this question of what the state needs to prove and what evidence the state needs to introduce to prove that, to demonstrate that a defendant was within 1,000 feet of a school. I think, Justice Thomas, you referenced the officer's testimony. And the officers did testify to more than just the fact that there was a building at 646 Lawndale called Ryerson Elementary. Officers testified on page F79 of the record that there was a school at 646 Lawndale called Ryerson Elementary. This testimony was corroborated by a second officer. Both officers had nearly a decade of experience in the area, testified as to their familiarity with the area, as to their familiarity with the area immediately around the school. They had made numerous arrests even in the summer of defendant's crime on the blocks immediately around the school. And when we're talking about the sufficiency of the evidence and we're looking at the evidence in the light most favorable to the state, I think when you have two officers with extensive knowledge of the area, of the community, testifying that the building at this location was a school, that that is sufficient to prove beyond a reasonable doubt that the building was in fact a school building. When we look at the expert testimony on the operations of the building, I think that the jurisprudence on this question demonstrates that knowledgeable layperson testimony that a building is a school of the sort defined by the statute is sufficient to prove the issue beyond a reasonable doubt. Effectively what defendant is doing is asking this court to read an additional element into the crime, that the school be active or operating. They don't define what active or operating would mean, but any definition of those terms would run afoul of the clearly stated legislative intent of the General Assembly when it comes to selling drugs within 1,000 feet of a school. Justice Burke, you suggested that we need to draw a distinction between buildings like churches and buildings like school because the statute does, and not just that there are specific requirements to find that a church is a church. You also look at subsection C, which applies only to schools and says that explicitly when it comes to schools it doesn't matter whether there are parents dropping their kids off at that time or whether classes are in session or what time of year or time of day it is. And that's a recognition of the fact that schools are centers of communities that children congregate at, not only when class is in session, but over the summer make use of the outdoor play areas and so on for meetings and clubs and so on and so forth. And the General Assembly made this determination that therefore schools are different and regardless of the time of year, time of day, whether the school is operating in the most sort of narrow sense of the word, is irrelevant to the fact that it is a school. And this court should not read an additional element that would thwart that intent and intent into the crime. And it's also worth noting that Justice Tice indicated that the evidence here was uncontested that this was a school at the time of defendant's crime. One could imagine a situation which became a factual question. Officers testified the building at 646 Lawndale was a school. I was familiar with the area. I knew the area. That building was a school and testimony was that the building was a school. And there might be a factual question for the trier of fact to determine whether it was in fact a school at 646 North Lawndale. But here you have the uncontested testimony of two officers that the building in question was a school. And there is no reason to believe that the transition that Chicago Public Schools took with that building from Ryerson Elementary to Ward Elementary had any impact on the building's status as a school in July of that summer when you have the uncontested testimony of these two officers that it was a school. Indeed it was asked earlier what happens if a school is closed, if a school is shuttered. And the court certainly doesn't have to address this issue in this case because in September this building was still a school just operating under a different name. There might be circumstances in which immediately after a public school district had closed the school it was still a school for purposes of the statute if that was the uncontested testimony of the lay person familiar with the area and kids were still coming to the playgrounds and the school hadn't sort of lost its characteristic as a school in the community until the summer or immediately after its closing it ended or whatnot. And again that's not the factual situation here. The court doesn't have to go here. But I think the important thing is that when we talk about a school in this statute we're talking about something that a lay person with personal knowledge of the building and its operation could testify to. Unless the court has questions for the people on that issue I'll address also the public defender fee issue that's presented by this case. The court in this case conducted a hearing. And all this court has said is required for it to be governed by summers is that some sort of hearing be conducted. Here the judge in open court asked questions on the appropriate public defender fee and then rendered a ruling. That's black law's dictionary definition. There was a hearing in this case. The people. Ms. Fisher, what about the Cook case back in 1980? Haven't we said since 1980 there has to be a financial hearing based on defendants' financial circumstances and ability to pay? Isn't that required in that some sort of hearing in summers doesn't mean the general public defender fee issue? A couple of responses, Your Honor. First, the people don't contest that this hearing was deficient. The necessary questions about the defendant's ability to pay at this hearing weren't asked. But how do you find that unless you have a hearing and ask the defendant and do the affidavit? The statute requires an affidavit. And the people are merely asking that this court remand so that the court do what it needed to do in this case. People's position is that summers controls here because there was some sort of a hearing, albeit a deficient one and even more deficient than the one that was at issue in summers. But there was some sort of a hearing. So under summers this court should remand. The trial court needs to have the proper hearing and consider the proper questions. The people are not asking this court to affirm the public defender fee. The trial court is asking the court to affirm the public defender fee that was imposed. The second point is that Gutierrez didn't answer the question of what the proper remedy is, even if there hadn't been a hearing at all. In Gutierrez, the people didn't request a fee. The court never ordered a public defender fee. It was imposed by the clerk without any direction. Under those circumstances, this court said, we're just going to impose the fee within 90 days after we would posit a hearing. But even if the court didn't view it as a hearing, the general rule is that this court can pick any remedy that's necessary to correct the error in a case. And generally speaking, when the proper procedures aren't carried out before the judge does something, this court remands for the court to try it again and use those proper procedures. Mr. Fischer, though, this trial judge has been told at least 10 times over the last two years by the appellate court, both in published and unpublished decisions, that the way he awards reimbursement is erroneous. So how many times do we have to do that? Unfortunately, every time he doesn't have a sufficient hearing. There's nothing in the statute that would suggest or require a hearing to the court that it should deviate from or prevent this court from following its usual remedy, jurisprudence, and the rule governing remedies of applying the remedy necessary to correct the error here, which is with, you know, perhaps strongly worded and very clear instructions, send this back for the proper kind of hearing. But there was a hearing here. So Summers says what the remedy is here, remand. But even if there hadn't been a hearing where the judge imposes the fee in a timely manner, there's no reason for this, that this court can't go ahead and remand for the proper hearing for the judge to determine whether a fee is appropriate at all. It's possible that when the judge conducts the proper hearing that he will come to the conclusion that the defendant has no capacity to pay at all and reach a very different outcome. It wouldn't be appropriate for this court to make that kind of factual determination. That's the kind of factual determination that this court leaves for the trial court. But it's absolutely appropriate for this court to send the matter back to the trial court and tell it it needs to do its job correctly this time. You sense the frustration, though, because that's what Summers did, didn't it? It did, Your Honors. And, you know, the issue has obviously now, perhaps surprisingly given its nature, made its way to this court for a third time. And this time the situation looks identical to what the court considered in Summers. So the analysis and outcome in this case for this particular issue is very straightforward for the court. You know, as you said before, you've got to have the hearing, you've got to ask the right questions. And this time we really mean it. Unfortunately, it appears to require at least a second time repeating for some trial courts to ask the necessary questions. But there's no reason that the court can't do that again in this case, unless Your Honors have any questions. And if you have any further questions, the people ask that this court affirm the appellate court's decision. Thank you. Thank you. Ms. Reedy, reply. Yes, starting with the second issue first. So, although it's true that this court, let me point to this Section D of this statute, which says that this court may provide by rule for the procedures of the enforcement of orders entered under this section. And so, this court may provide by rule for the procedures of the enforcement of orders entered under this section. This court does have the option to say, in this case, there was no hearing, so there is no remand, but in general to say that if the trial court does not follow the proper procedure the first time, the case should not be remanded. I would say, again, that some Section C plausibly needs to be interpreted so that a closed school, a school that is no longer operating, is not a school for the purposes of the statute. But we do recognize that some Section C allows that a school, a building that is a school for the purposes of the statute does continue to operate over the summer as a school for the purposes of the statute. Just as counsel said, there are, you know, meetings, there may be summer school, other things typically happen in a school besides classes meeting, and a layperson is qualified to testify to those things. So, if there are no other questions, we ask that you reduce Mr. Hardman's conviction to the Class I offense and that you vacate this fee without a remand. Thank you.